. Mr. Justice Cox
delivered the opinion of the court in substance as follows:
This cause comes up in two forms—in the form of a bill of exceptions and also a case. As our organic act draws its inspiration from the system in vogue in New York, we have consulted the decisions of the courts of New York with a view to deriving some light upon the question of practice. We have found that the bringing up a case upon two separate papers, viz., a case and a bill of exceptions, is condemned as irregular, and it is laid down by the court, that the exceptions should be embodied in the case where one is brought up. Section 803 of the Revised Statutes, taken from section 8 of the organic act, provides that:
“If upon the trial of a cause, an exception be taken, it may be reduced to writing at the time, or it may be entered on the minutes of the justice, and afterward settled in such manner as may be provided by the rules of the court, and then, stated in writiug in a case or bill of exceptions.”
We find by reference to the New York authorities, also, that as far as the presentation of a pure question of law to the court alone is concerned, a case and a bill of exceptions are substantially the same thing. It is only when the findings of fact are to be reviewed at General term That a case differs from a bill of exceptions. Then a motion for a new *71 trial presenting simply questions of law should be made in General Term.
“The justice who tries-the cause may, in his discretion, entertain a motion to be made on his minutes, to set aside a verdict and grant a new trial upon exceptions, or for insufficient evidence,-or for excessive damages ;■ but such motion shall be made'at the same term at which the trial was had. When such motion is made and heard upon the minutes, an appeal to the General Term may be taken from the decision, in which case a bill of exceptions or case shall be settled in the usual manner.”
Now when the appeal from the order overruling this motion is made on the ground of insufficient evidence or excessive damages, then comes the time for setting out the evidence in the case, instead of setting out the facts which the evidence was offered to prove, which was the old common law form of bills of exceptions. That is the only way in which a motion for a new trial for insufficient evidence or excessive damages can get before the court in General Term. It must first be made upon the minutes of the court below.
Iu this case there was no motion, and consequently it is not properly before the court. The questions then presented for-the eourt here arise upon the bill of exceptions only. This was a declaration containing a count on a special contract arid the common counts. The special count set forth a contract by which the plaintiffs agreed to “ furnish, at their own-proper cost and expense, all the necessary materials and labor,'and to do and perform all work which might be necessary iu sweeping and cleaning, and keeping clean the alleys in the cities of Washington and Georgetown;” and the plaintiffs aver that they fully performed the work, but that the defendant has not paid for the work done, and the plaintiffs claim $3,322.21. The pleas amount to the general issue. At the trial, the contract, when it was offered in evidence, proved to contain certain conditions in regard to payments. ■One wras that the payments should be made on the monthly certificate of the superintendent of streets of the Board of Bublic Works or the duly authorized inspector, and that no *72 money shall become due and payable except upon the certificate of the superintendent of streets or other duly authorized officer or agent. And again, that payment shall be made upon monthly accounts sworn to by the parties of the second part, and upon the monthly certificate of the street superintendent. Although there is a plain variance between the declaration and the contract, it was not objected to on that account, and the trial proceeded as if the pleadings were in due form. /
After the evidence was closed, the counsel for the defendant asked the court to instruct the jury that “under this-contract it is a condition precedent to the plaintiffs’ receiving their pay on the final settlement, that they shall have a certificate in writing in substance that the contract has been performed fully, and that they shall not be entitled to their compensation until that final adjustment.”
And second, “It is a condition precedent to these parties-receiving their pay that they shall put in a sworn statement of their having performed the work, and that they cannot recover in this instance unless they have brought here to the notice of this court proof that they made the sworn statement for this last claim.”
These were refused, and the court instructed the jury, at the instance of the plaintiffs’ counsel:
“That if the jury believes from the evidence, in tlie case-that these parties plaintiffs have performed the work that they stipulated to perform, that they are entitled to recover the entire amount that may remain unpaid, whether any certificate has ever been made by the officers of the District of Columbia or not.”
In the light of the authorities that have been cited, this is erroneous as a general proposition, there being no evidence that any sworn statement was furnished or any certificate-given by the authorized inspector of the work and no evidence tending to show why that was not the case.
But the error is made more emphatic by the next instruction given by the court, which was as follows:
“That this is a contract to°pay $29,900 for sweeping these *73 alleys, the paved ones a certain number of times and the unsaved ones a certain number of times a month, and these payments are to be made in equal monthly instalments, and if any monthly instalment remains unpaid, or any portion of a monthly instalment remains unpaid, that these parties ■are entitled to recover it under the evidence in this case.”
So the court completely took away from the jury the fact whether there was due performance on the part of the plaintiffs, and left them only the question* as to the amount that may remain unpaid. At the instance of the defendant, the court instructed the jury, it is true, “ that at the final adjustment it is the right of the District to range back through the whole period of time, and to demand of these officers, these engineers, whether the sweepings, either in number of times or in character of work or quality of material used, has been such as the contract requires or not. That we are not bound by these payments per month, but we have a right to re-examine this whole matter from beginning to end.”
These three propositions, takeu together, amount substantially to this, that the defendant is not precluded by having settled for the previous mouths from inquiring into the performance for those months; but that upon the whole evidence the defendants are entitled to recover that part of the contract price which remains unpaid, and that, whether any sworn statement were filed by the plaintiffs or any certifi•cates by the officer charged with that duty or not.
This seems to us plainly erroneous; in fact, there is no room for any argument on the subject. It is contended on the part of the plaintiff's that they were precluded upon the objections of the defendant’s counsel, from introducing evidence which would have shown the execution of this work. However that may be, no such evidence is in the record ; what the fact may be does not appear. It was also argued ■on the part of the plaintiffs, that it appearing that the previous mouths had been paid for, this amounted to a waiver ■of the certificate required by the contract. It did not appear, however, whether these payments had been made upon the certificate of the authorized officer or not. There was *74 nothing in the record to show. Even were the fact proven* it could hardly be held that the waiver, as to one month* precluded the District from insisting on the conditions of the contract as to a subsequent month. On account of the manifest error in these instructions, we are of opinion that there ought to be a new trial.